UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DEBRA PICKETT,** : | |
| : | CIVIL ACTION NO. 3:20-237 |
| **Plaintiff** : | |
| : | (JUDGE MANNION) |
| v. : | |
| **TARGET CORPORATION AND TARGET,** : | |
| : | |
| **Defendant** | |

# MEMORANDUM

Before the court is defendant Target Corporation and Target's[1] motion for summary judgment (Doc. 17) filed in response to plaintiff Debra Pickett's complaint (Doc. 1-2). For the reasons below, this court grants defendant's motion for summary judgment.

## I. Background

This case involves a slip-and-fall accident suffered by the plaintiff at a retail store ("Target store") operated by the defendant in Wilkes-Barre,

---

[1] Defendant alleges its name as stated in plaintiff's complaint is incorrect and should be corrected to "Target Corporation." (Doc. 24 at 1). As neither of the parties to this case has filed a motion to amend the defendant's name, this court refrains making such an amendment at this time.

Pennsylvania. (Doc. 1-2, at ¶¶3, 6-9). Plaintiff and her husband Donald Pickett ("Mr. Pickett") entered the Target store on the evening of February 19, 2018, at approximately 5:00 p.m. to do some shopping. (Doc. 1-2 at 6; Doc. 17-2 at 53:17-21). Plaintiff had been to the Target store on prior occasions. (Doc. 17-2 at 50:20-25; 52:1-12).

Upon entering the Target store, plaintiff and her husband walked up the main aisle and turned to enter the grocery section. Id. at 55:12-24; 56:1-16. After getting cookies, candies, and razors, they exited the grocery section and returned to the main aisle. Id. at 57:3-24, 58:1-6. As the plaintiff and her husband were walking back down the main aisle towards the registers, plaintiff slipped and fell on a "Spritz Grabber," a children's grabber toy. Id. As a result, plaintiff claims to have suffered various injuries, including to her hip, leg, back, and shoulder. (Doc. 1-2 at ¶24).

Although the plaintiff testified the store was well-lit and that she could see ahead and around her before her fall, she did not notice the Spritz Grabber on the floor. (Doc. 17-2 at 64:24-65:19). Mr. Pickett averred he did not see any debris or merchandise on the floor of the main aisle prior to plaintiff's fall. (Doc. 17-3 at 14-23-15:2). Following the plaintiff's fall, Target store employees Kathleen Jones ("Ms. Jones") and Megan McCole ("Ms. McCole") arrived at the scene of the incident and completed a Guest Incident

Report. (Doc 17-8 at 26:9-28:22; Doc. 17-9 at 30:14-33:20). The Guest Incident Report noted that the time of the incident was 5:45 p.m. and the Spritz Grabber was twenty-four inches long and colored red, blue, and green. (Doc. 17-6 at 1-2). At deposition, Mr. Pickett testified the toy was about two feet long whereas Ms. Jones recalled it was around fourteen inches long. (Doc. 17-8 at 8; Doc 17-4 at 16:23-17:3).

Ms. Jones and Ms. McCole each testified that all Target store employees were trained and instructed to monitor for stray merchandise and immediately pick up such items if found on the floor (Doc. 17-8 at 16:21-17:6, 19:17-21:23; Doc. 17-9 at 15:2-13), although Ms. Jones admitted she was unsure whether the policy was documented or verbal. (Doc. 17-9 23:2-12). Ms. McCole testified it was her responsibility to circle the store at least once an hour, though could not recall specifically walking through the area of plaintiff's incident. Id. at 25:18-23). She averred that if she had been through the area of plaintiff's incident, she would have removed the Spritz Grabber. Id. at 39:4-9.

Following plaintiff's incident at the Target store, the plaintiff did not go to the hospital and waited three weeks for an appointment with a doctor. (Doc. 17-2 at 80:18-24; 81:1-9). This was followed up by about ten physical

- 3 -

therapy sessions. Id. at 87:1-3. Plaintiff alleges that, after her fall, she cannot stand for longer than an hour before experiencing back pain. Id. at 85:14-19.

On January 20, 2020, the plaintiff filed a complaint in the Court of Common Pleas of Luzerne County, stating a claim of negligence (Count I). (Doc. 1-2). Defendant removed the action to this court on February 11, 2020, invoking diversity jurisdiction. (Doc. 1). Subsequently, defendant filed a motion for summary judgment and a memorandum in support of its motion on November 30, 2020. (Doc. 17). Plaintiff filed a brief in opposition to defendant's instant motion on January 11, 2021 and defendant submitted a reply on January 20, 2021. (Docs. 21, 24). Thus, the defendant's motion is ripe for disposition.

**II.    Jurisdiction**

As an initial matter, "[d]istrict courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different states [.]" 28 U.S.C. §1332. Here, the plaintiff is a citizen of Pennsylvania and defendant is both incorporated and has its principal place of business in Minnesota. (Doc. 1-2 at ¶1; Doc. 1 at ¶5).

The court notes plaintiff claims damages in excess of $50,000. (Doc. 1-2 at ¶27). "Unless it appears to a legal certainty that the claim set forth in the complaint is for less than the jurisdictional amount, the amount in controversy requirement is deemed satisfied." Bryfogle v. Carvel Corp., 666 F.Supp. 730, 732 (E.D.Pa. 1987) (citing St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 289 (1938)). As the plaintiff alleges to have suffered serious injuries and seeks related damages for future medical expenses and future loss of earnings, it appears to this court that it is not legally certain the amount in controversy is less than $75,000. Thus, the amount in controversy requirement is satisfied. Because this court is sitting in diversity, the substantive law of Pennsylvania applies. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).

### III.  Standard of Review

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986);

Turner v. Schering-Plough Corp., 901 F.2d 335, 340 (3d Cir. 1990). A factual dispute is genuine if a reasonable jury could find for the non-moving party, and is material if it will affect the outcome of the trial under governing substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Aetna Casualty & Sur. Co. v. Ericksen, 903 F. Supp. 836, 838 (M.D. Pa. 1995). At the summary judgment stage, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Liberty Lobby, Inc., 477 U.S. at 249; see also Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (a court may not weigh the evidence or make credibility determinations). Rather, the court must consider all evidence and inferences drawn therefrom in the light most favorable to the non-moving party. Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007).

To prevail on a summary judgment motion, the moving party must affirmatively identify those portions of the record which demonstrate the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323-24. The moving party can discharge the burden by showing that "on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." In re Bressman, 327 F.3d 229, 238 (3d Cir. 2003); see also Celotex, 477 U.S. at 325. If the moving

party meets this initial burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts," but must show sufficient evidence to support a jury verdict in its favor. Boyle v. County of Allegheny, 139 F.3d 386, 393 (3d Cir. 1998) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 586 (1986)). However, if the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to [the non-movant's] case, and on which [the non-movant] will bear the burden of proof at trial," Rule 56 mandates the entry of summary judgment because such a failure "necessarily renders all other facts immaterial." Celotex, 477 U.S. at 322-23; Jakimas v. Hoffman La Roche, Inc., 485 F.3d 770, 777 (3d Cir. 2007).

IV.     **Discussion**

In this negligence action under Pennsylvania law, the plaintiff must prove four elements: "(1) a duty or obligation recognized by law; (2) a breach of that duty; (3) a causal connection between the conduct and the resulting injury; and (4) actual damages." See Tameru v. W-Franklin, L.P., 350 F.App'x 737, 739 (3d Cir. 2009) (quoting Swift v. Northeastern Hospital of Philadelphia, 456 Pa.Super. 330, 335 (Pa. Super. Ct. 1997)) (internal quotations omitted). The standard of care a landowner owes to a person who

- 7 -

enters the property depends on whether the person entering is a trespasser, licensee, or invitee. Carrender v. Fitterer, 503 Pa. 178, 184 (Pa. 1983) (citing Davies v. McDowell Nat'l Bank, 407 Pa. 209 (Pa. 1962); Restatement (Second) of Torts §§ 328–343B (1965)). The parties here agree that plaintiff was an invitee on defendant's property. See Grantham v. U.S., 2008 WL 4083922, at *7 (E.D. Pa. Aug. 28, 2008) ("An invitee is either a public invitee or a business visitor […] a business visitor is a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of land.").

Accordingly, defendant owed plaintiff a special duty of care to invitees pursuant to the Second Restatement of Torts, as follows:

A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he

i. (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitee, and

ii. (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

      iii.     (c) fails to exercise reasonable care to protect them against the danger.

Restatement (Second) of Torts §343.

When the evidence indicates that the condition was created by a person other than those the landowner is accountable for, a jury may not consider the landowner's liability without sufficient proof of actual or constructive notice of the condition. Farina v. Miggys Corp. Five & Six, No. 3:09cv00141, 2010 WL 3024757, at *5 (M.D.Pa. July 29, 2010). Actual notice exists if the landowner had been warned about the hazardous condition beforehand. Felix v. GMS, Zallie Holdings, Inc., 501 Fed.Appx. 131, 135 (3d Cir. Oct. 11, 2021); Sheil v. Regal Entm't Grp., 563 F. App'x 216, 218 (3d Cir. Apr.15, 2014) ("A business owner has actual notice if he knows of the condition or the condition is one which the owner knows has frequently recurred.").

Constructive notice, on the other hand, depends on "the circumstances of each case, but one of the most important factors to be taken into consideration is the time elapsing between the origin of the defect or hazardous condition and the accident." Vanchure v. Wegmans Food Markets, Inc., 2014 WL 1746844, at *6 (M.D.Pa. May 1, 2014). Thus, to survive a summary judgment motion in this negligence action, the "plaintiff's

claim must include evidence that tends to prove that a landowner either knew, or in the exercise of reasonable care, should have known of the condition that caused harm." Farina, 2010 WL 3024757, at *5.

Further, a landowner is not under a duty to protect its invitee from an open or obvious danger. Carrender, 503 Pa. 178. "A danger is obvious when both the condition and the risk are apparent to and would be recognized by a reasonable man, in the position of the visitor, exercising normal perception, intelligence, and judgment." Devlin v. Home Depot USA, Inc., 2013 WL 6835409, at *4 (M.D.Pa. 23, 2013) (citing Restatement (Second) of Torts § 343(b)) (internal quotations omitted). Although obviousness is generally a factual inquiry for the jury, the question may be decided by a court where reasonable minds could not differ as to the conclusion. See Carrender, 503 Pa. at 186.

### a. Actual and Constructive Notice

First, the court considers if the evidence in this case, viewed in the light most favorable to the plaintiff, would permit a jury to conclude that the defendant had actual or constructive notice of the Spritz Grabber. The plaintiff does not explicitly argue that defendant had actual notice of the toy. Nonetheless, plaintiff suggests the defendant knew of the hazardous Spritz Grabber because defendant knew that Target store merchandise frequently

- 10 -

fell onto busy areas of the store, including the site of plaintiff's fall. (Doc. 21 at 5). But inferring actual notice because merchandise frequently make their way onto the ground of the Target store would extend the actual notice doctrine beyond its use in precedent. See Farina, 2010 WL 302475, at *7 (rejecting the inference of actual notice of a sticky substance on store floor from the observation that pieces of fruit frequently dropped to the ground). As there is no evidence upon which a jury could infer that defendant was aware of the Spritz Grabber prior to plaintiff's fall, a reasonable jury could not find that defendant had actual notice of the Spritz Grabber.

In opposing this summary judgment motion, plaintiff relies on the constructive notice doctrine. She contends a reasonable jury could infer that the Spritz Grabber existed long enough for the defendant to have constructive notice of the toy because there is a genuine issue of material fact as to whether the defendant monitored the area of the incident prior to plaintiff's fall. (Doc. 21 at 4-6). But the plaintiff does not identify any facts in support of her position. Instead, she asserts the defendant did not monitor the area of the incident because, if defendant had done so, the incident would not have occurred. Plaintiff's argument is circular and thus ineffective.

The plaintiff presented insufficient evidence of constructive notice to survive defendant's summary judgment motion. In determining whether

- 11 -

defendant had constructive notice, "[o]ne of the most important factors to be take into consideration is the time elapsing between the origin of the defect or hazardous condition and the accident." Craig v. Franklin Mills Assoc., L.P., 555 F.Supp.2d 547, 550 (E.D.Pa. 2008) (citing Neve v. Insalaco's, 771 A.2d 786, 791 (Pa.Super.Ct. 2001)). Where the duration of time between the creation of the hazard and plaintiff's injury is very short, the landowner would not be able to discover the hazard "even in the exercise of reasonable care" and thus owed no duty to protect invitees from the hazard. Id. (citing Restatement (Second) of Torts §343 (1965)). Normally, the evaluation of whether plaintiff had constructive notice of a condition is an inquiry for the jury. Franklin Mills Assoc., L.P., 555 F.Supp.2d at 550. However, where the evidence presented requires a jury to rely on "conjecture, guess or suspicion," the court is to make such a determination. Id. (citing Lanni v. Pennsylvania R. Co., 371 Pa. 106, 110 (Pa. 1952)).

Here, the plaintiff fails to present any evidence in her favor as to the amount of time the toy was on the floor. It appears the only pieces of evidence that could indicate the duration of the hazardous Spritz Grabber are the time of plaintiff's entry into the Target store and the time of her injury. As plaintiff and her husband did not see any merchandise on the floor upon walking down the main aisle at around 5 p.m. and the Guest Incident Report

noted plaintiff's injury occurred at around 5:45 p.m., the facts suggest the Spritz Grabber was on the floor for less than 45 minutes. (Doc. 17-2 at 53:17-21; 60:1-24; 61:1-10; Doc. 17-6 at 2). However, these facts are insufficient evidence of duration, as it is equally likely that the Spritz Grabber fell on the floor many minutes before the fall or mere seconds before the fall occurred, in which case the defendant would not have been able to discover the toy even in the exercise of reasonable care. Accord Franklin Mills Assoc., L.P., 555 F.Supp.2d at 550 (finding loss of carbonation did not constitute evidence of constructive notice as it was equally likely the soda lost its carbonation while sitting on the floor for many minutes or a few seconds after it spilled).

The plaintiff further suggests it is possible that the Spritz Grabber was on the floor for a longer duration because Target store employee Ms. McCole could not specifically recall monitoring the area of plaintiff's fall prior to the incident. (Doc. 21 at 5). However, Ms. McCole's testimony alone cannot show that the hazardous condition existed for a longer duration. See Liberty Lobby, Inc., 477 U.S. at 252 ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."); see also Ness v. Marshall, 660 F.2d 517, 519 (3d Cir. 1981) (a litigation resisting a summary

judgment motion "cannot expect to rely merely upon bare assertions, conclusory allegations, or suspicions").

Without further evidence in plaintiff's favor, a reasonable jury could not conclude that the defendants had reason to know of the hazardous condition. Thus, the plaintiff cannot defeat the defendant's summary judgment motion.

**b. Obvious Condition**

Although this court's conclusion on the issue of notice is dispositive, we will nonetheless address the parties' dispute as to whether the Spritz Grabber constituted an obvious condition. Plaintiff contends that the Spritz Grabber toy was not an obvious condition and that, in any case, the question of whether a hazard is obvious to the plaintiff at the time of the incident is usually a question of fact reserved for a jury. (Doc. 21 at 7).

This court finds the plaintiff's position unpersuasive. "It is hornbook law in Pennsylvania that a person must look where he is going." Graham v. Moran Foods, Inc., No. 11-239, 2012 WL 1808952, at *4 (E.D. Pa. May 18, 2012) (quoting Villano v. Sec. Sav. Ass'n, 407 A.2d 440, 441 (Pa. Super. Ct. 1979)) (rejecting argument that business invitee was distracted from hazardous condition because of in-store sale signs); see also Rogers v. Max Axen, Inc., 16 A.2d 529, 529 (Pa. 1940) ("[W]here one is injured as the result of a failure on h[er] part to observe and avoid an obvious condition which

- 14 -

ordinary care for h[er] own safety would have disclosed, [s]he will not be heard to complain.").

Here, the parties agree the Spritz Grabber was over one foot long, multi-colored, and laid in an area of the store that was well-lit and free of debris. (Doc. 17-2 at 64:24, 65:1-15; Doc 17-3 at 16:23-17:7; Doc. 17-8 at 53:15-20). The plaintiff and her husband conceded they could see ahead and around as they were walking down the main aisle before the incident occurred. (Doc. 17-2 at 64:24, 65:1-15).

Given these undisputed facts, this court finds that reasonable minds could not differ regarding the obviousness of the Spritz Grabber, as the toy would have been obvious to a reasonable person exercising normal perception under plaintiff's circumstances. Compare Thomas v. Family Dollar Stores of Pennsylvania, LLC, No. 17-4989, 2018 WL 6044931 (E.D.Pa. Nov. 19, 2018) (finding "thick, yellow substance" on store floor constituted an obvious condition of which defendant owed plaintiff no duty of care); Carrender, 503 Pa. at 186 (granting judgement notwithstanding the verdict in favor of defendant because an isolated sheet of ice was "obvious to a reasonably attentive invitee"); Clayton v. United States, No. 15-1340, 2016 WL 336812 (E.D.Pa. Jan. 28, 2016) (granting defendant's motion for summary judgment, noting a yellow two foot long sign would be an obvious

hazard to a reasonable person regardless of its positioning). Accordingly, the defendant's motion for summary judgment on this basis is granted.

## IV. Conclusion

For the reasons stated above, defendant's motion for summary judgment will be granted. An appropriate order follows.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: November 5, 2021**
20-00237-01